**Ernest W. WALL, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 74-1194.**

United States Court of Appeals, Tenth Circuit.

July 22, 1974.

Certiorari Denied Nov. 18, 1974. See 95 S.Ct. 504.

Before PICKETT, Senior Circuit Judge, and SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

Appellant, while serving a state sentence, pleaded guilty to three counts of a federal indictment. Subsequently, he was sentenced to three years on each count, to run consecutively both to each other and to any other sentence then being served or which had been previously imposed.

In his motion to vacate the federal sentences pursuant to 28 U.S.C. § 2255, Wall contends that the pleas were involuntary for two reasons: 1) he was led by counsel to believe that the federal

sentences would run concurrently with each other and with the existing state sentence; and 2) the trial court should have advised him of the possibility of consecutive rather than concurrent sentences.

The first claim is frivolous. Prior to the entry of the guilty pleas, appellant, in open court, completed an instrument denominated as a "petition to enter pleas of guilty". There, appellant acknowledged that he had been advised that the maximum penalty which could be imposed upon conviction was fifteen years imprisonment, a fine of $30,000, or both. Further, he stated that he had received no promises, suggestions or predictions of leniency in return for the pleas. These facts render the claim completely untenable. Robinson v. United States, 474 F.2d 1085 (10th Cir. 1973).

 Under Rule 11 of the Federal Rules of Criminal Procedure, the trial court may not accept a guilty plea without first determining that the plea is voluntarily made with an understanding of its consequences. However, the trial court is not required to advise an accused of every collateral consequence of his plea. Hutchison v. United States, 450 F.2d 930 (10th Cir. 1971). Here, Wall was made fully aware of the direct consequences of his plea by the trial court. The consecutive federal sentences actually imposed were well within the stated maximum. Under these circumstances, we find it difficult to perceive how the failure of the trial court to advise of the possibility of consecutive federal sentences could possibly deprive appellant's guilty pleas of their voluntary character. Anderson v. United States, 302 F.Supp. 387 (W.D.Okl.1969) affm'd on other grounds 405 F.2d 492 (10th Cir. 1969), cert. denied 394 U.S. 965, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969); Johnson v. United States, 460 F.2d 1203 (9th Cir. 1972); United States v. Vermeulen, 436 F.2d 72 (2nd Cir. 1970), cert. denied 402 U.S. 911, 91 S.Ct. 1390, 28 L.Ed.2d 653 (1971).

Appellant asks us to expand the effect of Rule 11 to require that a defendant be advised by the trial court of all possible ancillary or consequential results of his plea which are particular to him. This we decline to do. In our view, the fact that service of the federal sentences would follow the previously imposed state sentence was not a definite "practical consequence of the plea" within the meaning of Rule 11. Hutchison v. United States, supra; Tindall v. United States, 469 F.2d 92 (5th Cir. 1972). Compare Jenkins v. United States, 420 F.2d 433 (10th Cir. 1970). Appellant's pleas were counselled and he was carefully advised of their consequences. We believe that the requirements of Rule 11 were satisfied.

Upon docketing in this court, the parties were notified we were considering summary affirmance. Thereafter, appellant submitted a memorandum addressing the merits and opposing summary action. Nevertheless, a careful and thorough review of the files and records in this case convinces us that the district court correctly denied relief. Accordingly, the judgment of the district court is affirmed.

Affirmed.