**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 21 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

QUENTIN HURLICH,

      Defendant - Appellant.

No. 01-4068

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D. Ct. No. 00-CR-235-ST)**

---

Submitted on the briefs:[*]

Julie George, Salt Lake City, Utah, for Appellant.

Paul M. Warner, United States Attorney, and Wayne T. Dance, Assistant United States Attorney, Chief, Appellate Section, Office of the United States Attorney, Salt Lake City, Utah, for Appellee.

---

Before **TACHA**, Chief Circuit Judge, **BRORBY**, Senior Circuit Judge, and

---

[*]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

**RUSSELL**[**], District Judge.

---

**TACHA**, Chief Circuit Judge.

---

Defendant Quentin Hurlich pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The district court granted a four-level enhancement in the offense level and departed upward substantially from the sentencing guidelines, sentencing him to 10 years' imprisonment to run consecutively to his state sentence. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(3) and REMAND for resentencing.

## I. Background

On June 3, 1999, Hurlich entered Zions Bank in Murray, Utah and attempted to cash a forged check. He had been on a constant methamphetamine high for over two weeks and wanted money to buy more drugs. The bank teller refused to cash the check and called a police officer. The officer arrived shortly thereafter and approached Hurlich as he was leaving the bank. The defendant pulled a nine millimeter semi-automatic pistol from his waistband, and shot the officer three times. The officer returned fire, and Hurlich fled the scene. Hurlich was later apprehended, and his gun was recovered.

---

[**] The Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

Hurlich had been on parole for a prior charge of attempted possession of a firearm. The state revoked his parole, and he will be eligible for parole on that charge on January 12, 2027. For the current conduct, Hurlich pleaded guilty in state court to attempted aggravated murder, forgery, and possession of methamphetamine. For these three charges, he received prison sentences of five years to life, zero to five years, and zero to five years respectively. These three sentences were imposed as concurrent with each other, but consecutive to all prior sentences.

In federal court, Hurlich pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), which is punishable by a maximum of 10 years' imprisonment under 18 U.S.C. § 924(a)(2). In return, the government agreed not to use the shooting as relevant conduct for sentencing. At the time of his guilty plea, the district court did not inform Hurlich of the possibility of a consecutive sentence.

After Hurlich entered his plea, a probation officer prepared a presentencing report recommending a four-level upward departure for possession of a firearm in connection with another felony offense. U.S. Sentencing Guidelines § 2K2.1(b)(5). The report stated that "[d]uring the investigation of the shooting, acquaintances of the defendant reported having knowledge of the defendant's possession of the gun at least three days prior to the shooting, specifically, on

-3-

May 31, 1999, and to his possession of the gun during the transaction of stolen checks." In addition, the United States moved for an upward departure based on a substantial under-representation in Hurlich's criminal history and a strong probability that he would continue to reoffend. U.S.S.G. § 4A1.3.

At sentencing, the court granted the probation officer's recommended four-level upward departure for possession of a firearm in connection with another felony offense. After the four-level enhancement and a three-level reduction for acceptance of responsibility, the offense level was 15 and the criminal history category VI, leading to a Guidelines range of 41-51 months. The court departed upward from this range on the basis of an under-representation in criminal history pursuant to § 4A1.3, and imposed the statutory maximum sentence of 120 months, to run consecutively to his state sentences.

## II. Discussion

Hurlich now appeals: (a) the four-level enhancement for possession of a firearm; (b) the upward departure; (c) the consecutive sentencing; and (d) the court's failure to notify him at the plea colloquy of the possibility of a consecutive sentence. When reviewing an application of the Sentencing Guidelines, we review the district court's factual findings for clear error and questions of law de novo. United States v. Farnsworth, 92 F.3d 1001, 1009 (10th Cir. 1996).

A.     Enhancement for Possession of Firearm in Connection with Another Felony

Hurlich challenges the court's four-level enhancement for possession of a firearm in connection with another felony offense or with the "knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5). He argues that the United States failed to prove the factual basis for the enhancement by a preponderance of the evidence, as the only factual basis for the departure was a vague hearsay statement in the presentence report that "acquaintances" had "knowledge" that he possessed the gun during a transaction involving stolen checks. The United States concedes that the record is inadequate to support the enhancement. A party's concession, however, cannot compel us to reverse a district court's decision. United States v. Furman, 112 F.3d 435, 438 n.2 (10th Cir. 1997). We therefore turn to the merits of the claim.

To support the enhancement, a preponderance of the evidence must show that Hurlich possessed a firearm in connection with another felony. Farnsworth, 92 F.3d at 1009. "Conclusions in the presentence report unsupported by facts do not constitute a preponderance of the evidence." United States v. Gomez-Arrellano, 5 F.3d 464, 467 (10th Cir. 1993). We find that the vague, unsworn statement by an unidentified witness in the presentence report was insufficient to constitute a preponderance of the evidence. Cf. United States v. Fennel, 65 F.3d

812, 814 (10th Cir. 1995) ("Unsworn out-of-court statements made by an unobserved witness and unsupported by other evidence form an insufficient predicate for a sentence enhancement under § 2K2.1(b)(5)."); United States v. Pantelakis, 58 F.3d 567, 568 (10th Cir. 1995) (holding that "one ambiguous statement in the pre-sentence report" was insufficient to support an enhancement under § 2K2.1(b)(5)). We therefore remand to the district court for resentencing.

B.     Departure Based on Under-Representation of Criminal History

Hurlich also challenges the court's upward departure from the Guidelines range of 41-51 months to 120 months based on an under-representation of criminal history. U.S.S.G. § 4A1.3.

The district court explained the upward departure as follows:

> The Court has seriously considered this matter, has reflected upon the presentence report. The criminal history of Mr. Hurlich is extensive. And I do not believe that the criminal history category currently available to Mr. Hurlich adequately reflects the seriousness of the crimes, not only that for which he is currently serving time in state custody, but also the long history as a juvenile and as an adult. I believe that this clearly is outside the heartland of cases and will therefore grant the motion for upward departure in order to accurately reflect the seriousnes [sic] of the offense and the offenses[,] to assure the need for a just punishment of Mr. Hurlich, to assure a proper deterrence from additional criminal activity, and for the protection of the public in the future.

To determine whether the district court abused its discretion in departing from the Guidelines, we must consider (1) whether the factual reasons for departure are permissible departure factors, (2) whether the reasons for departure remove the

-6-

defendant from the heartland of cases under the applicable guideline, (3) whether the record supports the facts underlying the departure, and (4) whether the degree of departure is reasonable. United States v. Collins, 122 F.3d 1297, 1303 (10th Cir. 1997). Hurlich does not challenge the permissibility of or factual basis for the departure factors on which the district court relied. He argues, however, that his prior crimes and lengthy criminal history do not remove him from the heartland of cases, because the state sentencing courts already took these factors into account, and that the degree of departure was unreasonable.[1]

We will only disturb a finding that the defendant was outside the heartland of cases if the district court abused its discretion. Collins, 122 F.3d at 1306. We find no abuse of discretion here. As the presentencing report detailed, Hurlich had a long history of violations, including, among others, attempted burglary, possession of a controlled substance, car theft, assault, and attempted possession of a firearm. The record reveals a clear pattern of recidivism and a wide range of violations. Given this evidence and our deference to the district court on this question, we cannot conclude that an upward departure was an abuse of discretion.

An upward departure must also be reasonable in degree, however.

---

[1] The government concedes that the district court failed to articulate adequately the reasonableness of the degree of departure. As with the preceding issue, however, we must nonetheless address the merits of the question.

Therefore, in departing from the applicable Guidelines range, a sentencing court must "specifically articulate reasons for the degree of departure," using "any reasonable methodology hitched to the sentencing Guidelines," including "extrapolation from an analogy to the Guidelines." Collins, 122 F.3d at 1309 (citations and internal quotation marks omitted). Moreover, the Guidelines instruct:

> Where the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case.

U.S.S.G. § 4A1.3. If a district court fails to provide "an adequate explanation for the particular sentence imposed" we are obligated to remand, except in those rare cases "in which the appellate court can unmistakably determine the reasonableness of the district court's selection of a particular sentence." United States v. Flinn, 987 F.2d 1497, 1503 (10th Cir. 1993).

In this case, the district court failed to articulate its reasons for the particular degree of departure – an increase from level 15 (41-51 months) to at least level 24 (100-125 months). As a result, "[w]e are unable to give the deference ordinarily accorded a district court's decision for the degree of departure." United States v. Yates, 22 F.3d 981, 991 (10th Cir. 1994). We therefore remand to the district court. In resentencing, we instruct the district

court to specify the basis for particular sentence imposed.

C.      Consecutive Sentence

Hurlich argues that the district court incorrectly applied Sentencing Guideline § 5G1.3(a), which requires a consecutive sentence, rather than § 5G1.3(b), which requires a concurrent sentence, or § 5G1.3(c), which gives the court discretion.  Subsection (a) applies to offenses committed "while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment."  U.S.S.G. § 5G1.3(a).

At sentencing, the court relied on § 5G1.3(a), and in the alternative on § 5G1.3(c), stating: "I am persuaded by argument of [the United States] that I do not have the discretion and that under 5G1.3(a), the Court must impose a sentence to run consecutively with the state custody.  Even in the absence of that being the case, I believe that under 5G1.3(c) that I have the discretion to require a consecutive sentence in order to achieve a reasonable punishment for the instant offense.  And the Court would find for the reasons already cited in granting the motion for upward departure, that a consecutive sentence would be justified for the reasons that are stated."  The United States had argued that § 5G1.3(a) applied because Hurlich was a parole fugitive at the time of the offense.  The United States now concedes, however, that because Hurlich was not serving a "term of

imprisonment" at the time of the instant offense, § 5G1.3(a) does not apply.

Subsection 5G1.3(b) applies when "subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense." The central aim of subsection 5G1.3(b) is to "ensure no defendant is punished twice for the same crime." United States v. Contreras, 210 F.3d 1151, 1153 (10th Cir. 2000). Application note 2 indicates that § 5G1.3(b) applies only when the two convictions are based on the same conduct or course of conduct. United States v. Moyer, 282 F.3d 1311, 1317 (10th Cir. 2002) (citing U.S.S.G. § 5G1.3, comment. n. 2). Thus, subsection 5G1.3(b) would apply only if Hurlich's state and federal convictions involved the same course of conduct. Id. Hurlich's federal conviction was based on a firearms violation, whereas his state convictions arose from attempted murder, forgery, and drug possession, and his prior state sentence was affected by his violation of the terms of his probation. Thus, Hurlich's federal offense was not based on the same course of conduct as his state offenses, and the state offenses were not "fully taken into account" in determining the offense level of the current federal offense as required by § 5G1.3(b).

When neither (a) nor (b) applies, subsection (c) applies. U.S.S.G. § 5G1.3(c). Subsection (c) states: "(Policy Statement) In any other case, the

sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Id. While the district court may impose either consecutive or concurrent sentences, it must consider the directives set forth in § 5G1.3(c) and the relevant application notes – 3 through 6. Moyer, 282 F.3d at 1317 (remanding for resentencing where district court incorrectly believed it was required to impose a consecutive sentence). Application Note 3, for example, lays out three specific factors courts should consider, along with "any other [relevant] circumstance."[1] U.S.S.G. § 5G1.3, comment. n.3.

A district court generally has broad discretion to impose a consecutive or concurrent sentence. Contreras, 210 F.3d at 1152. In exercising its discretion to impose a concurrent or consecutive sentence, the district court must provide

---

[1] Application note 3 states that:
To achieve a reasonable punishment and avoid unwarranted disparity, the court should consider the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a)) and be cognizant of:
(a) the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;
(b) the time served on the undischarged sentence and the time likely to be served before release;
(c) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and
(d) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

reasons for its decision. United States v. Rose, 185 F.3d 1108, 1112 (10th Cir. 1999). At Hurlich's sentencing, the district court relied on "the reasons already cited in granting the motion for upward departure"[2] to conclude that a consecutive sentence was appropriate "in order to achieve a reasonable punishment for the instant offense." As we have noted, those stated reasons were insufficient justification for the degree of upward departure. However, the district court is not required to make specific findings for the factors listed in the application notes. United States v. Saintville, 218 F.3d 246, 249 (3d Cir. 2000); United States v. Velasquez, 136 F.3d 921, 924 (2d Cir. 1998). Here, we cannot say that the reasons referenced by the district court were not "relevant to the determination of an appropriate sentence for the instant offense." U.S.S.G. § 5G1.3, comment. n.3(d). United States v. McCarty, 82 F.3d 943, 951 (10th Cir. 1996) (observing that these are among "the statutory factors embodied in 18 U.S.C. § 3553(a)"). We therefore hold that the district court did not abuse its discretion when it imposed a consecutive sentence.

D.      Notice of the Possibility of a Consecutive Sentence

Hurlich next argues that his due process rights were violated by the district

---

[2] Those reasons were "to accurately reflect the seriousnes [sic] of the offense and the offenses[,] to assure the need for a just punishment of Mr. Hurlich, to assure a proper deterrence from additional criminal activity, and for the protection of the public in the future."

court's failure to inform him of the possibility of a consecutive sentence before he entered his guilty plea.   Because he did not raise this argument below, we review this legal challenge to his sentence for plain error.  United States v. Tisdale, 248 F.3d 964, 975 (10th Cir. 2001).

A defendant's guilty plea must be knowing, voluntary, and intelligent. United States v. Libretti, 38 F.3d 523, 529 (10th Cir. 1994); Fed. R. Crim. P. 11. To enter a plea that is knowing and voluntary, the defendant must have "a full understanding of what the plea connotes and of its consequence."  Boykin v. Alabama, 395 U.S. 238, 244 (1969).  The defendant need not understand every collateral consequence of the plea, but need only understand its direct consequences.  Wall v. United States, 500 F.2d 38, 39 (10th Cir. 1974) (per curiam).  Consequences of a guilty plea unrelated to the length and nature of the federal sentence are not direct consequences.  United States v. Jackson, 627 F.2d 883, 884 (8th Cir. 1980) (per curiam) (citing Wall, 500 F.2d at 39).

A consecutive sentence does not affect the length or nature of the federal sentence, even though it increases the total length of the defendant's incarceration.  United States v. Hernandez, 234 F.3d 252, 256-57 (5th Cir. 2000) (per curiam).  Thus, the consecutive nature of a sentence is not a direct consequence about which the defendant must be advised.  Wall, 500 F.2d at 39 ("[T]he fact that service of the federal sentences would follow the previously

imposed state sentence was not a definite 'practical consequence of the plea' within the meaning of Rule 11."); Williams v. United States, 500 F.2d 42, 44 (10th Cir. 1974). For this reason, the district court's failure to inform Hurlich about the possibility of a consecutive sentence did not prevent him from entering his plea knowingly and voluntarily.[3]

Lastly, Hurlich argues that the lack of notice violates his due process rights based on Apprendi v. New Jersey, 530 U.S. 466 (2000). The constitutional Apprendi rule, however, applies only if the sentence imposed exceeds the statutory maximum for the offense of conviction. United States v. Combs, 267 F.3d 1167, 1181 (10th Cir. 2001); United States v. Eaton, 260 F.3d 1232, 1239 (10th Cir. 2001). Hurlich was sentenced to ten years, the maximum sentence allowed under 18 U.S.C. § 924(a)(2). He nevertheless contends that "to sentence him to ten years consecutive to his state sentence is to sentence him to beyond the

---

[3] The majority of our sister circuits agree that courts need not warn defendants prior to the entry of a plea bargain that their federal sentences may run consecutive to their state sentences. Hernandez, 234 F.3d at 256-57 (Fifth Circuit); United States v. Parkins, 25 F.3d 114, 118-19 (2d Cir. 1994); United States v. Ferguson, 918 F.2d 627, 630-31 (6th Cir. 1990); United States v. Ray, 828 F.2d 399, 417-19 (7th Cir. 1987); United States v. Degand, 614 F.2d 176, 177-78 (8th Cir. 1980); Cobb v. United States, 583 F.2d 695, 696-97 (4th Cir. 1978) (per curiam); Kincade v. United States, 559 F.2d 906, 908-09 (3d Cir. 1977) (per curiam). Contra United States v. Neely, 38 F.3d 458, 461 (9th Cir. 1994) (per curiam) ("Because the imposition of a consecutive sentence is a direct consequence of a federal guilty plea where the federal court lacks discretion to order a concurrent sentence, a federal defendant must be advised of the court's lack of discretion before he can enter a voluntary plea of guilty.").

maximum ten years contemplated by the law." The federal and state sentences were imposed for separate crimes, and the federal sentence did not exceed the ten years allowed by the federal statute. Hurlich was sentenced within the statutory maximum, and the Apprendi rule does not apply.

It is desirable to fully inform a defendant of all the consequences of his plea, and we strongly urge district courts to inform defendants of all the consequences of their pleas, including the possibility of a consecutive sentence. Degand, 614 F.2d at 177 (finding it "desirable . . . [to] inform a defendant of all the consequences of his plea"). Under the circumstances of this case, however, we find that the district court did not commit plain error when it failed to inform the defendant that his federal sentence could run consecutive to his state sentence.

### III. Conclusion

The district court was not required to warn Hurlich of the possibility of a consecutive sentence, and it did not abuse its discretion when it imposed a consecutive sentence. However, the district court did not provide an adequate factual basis for the four-level enhancement, and it did not adequately articulate its reasons for the degree of departure. We therefore REMAND to the district court for resentencing consistent with this opinion.