**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NATHANIEL TURNER, JR.,

Defendant - Appellant.

No. 02-5111
D.C. No. 01-CR-118-H
(N.D. Oklahoma)

## ORDER AND JUDGMENT[*]

Before **KELLY**, **BRISCOE** and **LUCERO**, Circuit Judges.

Convicted in federal court of being a felon in possession of a firearm and ammunition, Nathaniel Turner, Jr., appeals the sentence imposed by the district court. Specifically, Turner appeals the district court's decision to impose only part of the sentence concurrently with Turner's undischarged state sentences. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and affirm.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I

On February 7, 2001, Turner was indicted in state court in Tulsa County, Oklahoma on seven counts, including: (1) possession of a controlled drug with intent to distribute within 2,000 feet of a public park; (2) possession of a firearm while in the commission of a felony; (3) possession of a firearm after former conviction of a felony; (4) feloniously pointing a weapon; and (5) knowingly concealing stolen property. Following a plea agreement, the state dismissed all counts except (1) and (5). Turner was sentenced to five-year prison terms on both counts, which were imposed concurrently.

Nine months after his state indictment, Turner was indicted in federal court on one count of possessing two firearms and ammunition after a former felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). One of the two firearms that served as the basis for the federal charge, a Ruger 9mm pistol, was the same firearm used as the basis for Count 5 of the state indictment, knowingly concealing stolen property. On February 8, 2002, Turner pled guilty to the federal charge and admitted having possessed two firearms following a prior felony conviction.

Following the guilty plea, a U.S. probation officer prepared a Presentence Investigation Report ("PSR"). The PSR set the base offense level at twenty, added two points because the Ruger pistol was stolen, added four more points

because the firearm was used in connection with another felony offense (the state drug conviction), and subtracted three points for acceptance of responsibility. Turner's total offense level was thus determined to be twenty-three. Based on a total criminal history category of IV, the PSR arrived at a guideline range of seventy to eighty-seven months' imprisonment.

Applying U.S.S.G. § 5G1.3(c), the PSR recommended that the federal sentence run partially concurrent with the undischarged state sentences. Turner filed an objection to the PSR, arguing that § 5G1.3(b) should be applied instead of § 5G1.3(c) and the entire federal sentence should run concurrently with the undischarged state sentences for drug possession and concealing stolen property. Rejecting this argument, the district court held that subsection (b) was not applicable because the state convictions had not been fully taken into account in calculating the federal sentence. Applying subsection (c) of the same guideline, the district court imposed a sentence of eighty-seven months, with forty-one months of that sentence to run concurrently with the undischarged state sentences because that portion of the federal sentence arose from the conduct that served as the basis of his state conviction. The court imposed the remaining 46 months to run consecutively to the state court case. Turner appeals the district court's application of § 5G1.3(c).

## II

We review the district court's interpretation and application of the Sentencing Guidelines de novo, and review the court's factual determinations at sentencing for clear error. United States v. McCarty, 82 F.3d 943, 950 (10th Cir. 1996). Both parties agree that U.S.S.G. § 5G1.3 applies to the instant case; the question is whether the district court should have applied subsection (b) or subsection (c).[1] Section 5G1.3 deals with the imposition of a sentence on a defendant subject to an undischarged term of imprisonment. Under § 5G1.3(b), where "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." Thus, subsection (b) applies only when the offense resulting in an undischarged term of imprisonment was "fully taken into account" in determining the offense level for the federal sentence.

Ruling that Turner's state convictions were not fully taken into account in calculating the federal offense level, and therefore subsection (b) did not apply, the district court instead imposed a sentence under subsection (c). Section 5G1.3(c) provides that "[i]n any other case, the sentence for the instant

_____

[1] Neither party contends that § 5G1.3(a) applies to the instant case.

offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Turner argues that this was error, and that the district court should have applied subsection (b). In essence, the parties disagree over whether Turner's state offenses were fully taken into account in calculating the offense level for his federal conviction, as this determines which subsection applies.

We have interpreted subsection (b) to apply only when a defendant's state and federal convictions "involved the same course of conduct." United States v. Hurlich, 293 F.3d 1223, 1229 (10th Cir. 2002) (citing § 5G1.3 cmt. n.2). When the federal offense is not based on the same course of conduct as the state offense, the state offense was not "fully taken into account" in calculating the federal sentence, and thus subsection (b) does not apply. Id. Moreover, if any one of multiple offenses is not fully taken into account in the calculation of a federal sentence, other circuits have held that § 5G1.3(c) may be applied. See, e.g., United States v. Kimble, 107 F.3d 712, 715 (9th Cir. 1997); see also United States v. Caraballo, 200 F.3d 20, 28 (1st Cir. 1999) (discussing the rationale for this interpretation of the Guidelines). We agree with this conclusion.

Turner contends that, as his federal offense level was increased because the firearm was stolen, his state conviction for knowingly concealing stolen property

was fully taken into account in calculating his federal offense level here.  We need not decide this issue, however, because Turner also faces an undischarged state sentence for possession of a controlled drug with intent to distribute within 2,000 feet of a public park, which was not fully taken into account in calculating his federal sentence.  While the district court did not specifically rely on this drug conviction at the sentencing hearing, "[w]e are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court."  United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (quotation omitted).

A conviction on drug charges does not involve the same course of conduct as a firearm conviction.  We have held that the mere fact that a particular firearm that served as the basis for a federal charge was also used in the commission of a state crime does not mean that the two crimes were based on the same course of conduct.  See, e.g., McCarty, 82 F.3d at 951 ("Increasing a defendant's offense level by noting that a defendant used a firearm to commit a previous felony does not take into account the substantive aspects of the underlying felony any more than noting that the felony occurred in the afternoon, on a sunny day or in an urban area.").  This is true even where the district court imposed a four-level departure for possessing a firearm in connection with another felony offense (here, the drug charge).  See Hurlich, 293 F.3d at 1226.  Thus, Turner's state

conviction for drug possession near a park was not fully taken into account in the calculation of his federal offense level, and the district court did not err in imposing a partially concurrent sentence under § 5G1.3(c).

## III

For the foregoing reasons, Turner's sentence is **AFFIRMED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge