FILED
United States Court of Appeals
Tenth Circuit

December 16, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

　　v.

ANGEL P. FLORES,

　　　　Defendant - Appellant.

No. 10-8005
(D. Ct. No. 2:09-CR-00136-ABJ-6)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY**, and **GORSUCH**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

In this appeal, Angel Para Flores challenges his guilty plea and sentence. We have

jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

**I.　BACKGROUND**

Mr. Flores was charged with nine counts stemming from his role in a

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

methamphetamine distribution conspiracy. Pursuant to a plea agreement, Mr. Flores agreed to plead guilty to: conspiracy to possess with intent to distribute, and to distribute, methamphetamine, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(A), and § 846; possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i); distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and conspiracy to encourage an alien to illegally enter the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). In exchange, the government agreed to dismiss the remaining four charges and to recommend a three-level sentence reduction for acceptance of responsibility. *See* United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 3E1.1(a)–(b).

At the change-of-plea hearing, however, Mr. Flores decided not to enter a guilty plea as provided by the plea agreement. Later, at a status conference, Mr. Flores changed his mind and indicated he was ready to plead guilty. The court then engaged Mr. Flores in a Rule 11 colloquy, *see* Fed. R. Crim. P. 11, and he pleaded guilty to the five counts outlined in the plea agreement. He was sentenced to two 324-month concurrent sentences, a 120-month concurrent sentence, and a 240-month concurrent sentence. He also received a 60-month sentence on the firearm conviction to run consecutive to the other sentences.

Mr. Flores now appeals, arguing that his plea was not knowing and voluntary, that there was no factual basis for it, and that the district court erred in sentencing him to a

consecutive sentence on the firearm conviction.[1]

## II. DISCUSSION

A.  Standard of Review

Because Mr. Flores did not raise any of these issues below, he concedes that we review only for plain error. Under this standard, we will not reverse unless the appellant demonstrates (1) error, (2) that is plain, (3) which affects his substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Mendoza*, 543 F.3d 1186, 1190 (10th Cir. 2008).

B.  Validity of Guilty Plea

1.  *Knowing and Voluntary*

"A defendant's guilty plea must be knowing, voluntary, and intelligent." *United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002). "A plea is 'knowing' if the defendant has 'a full understanding of what the plea connotes and of its consequences.'" *Gonzales v. Tafoya*, 515 F.3d 1097, 1118 (10th Cir. 2008) (quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). "[A] plea of guilty cannot be voluntary in the sense that it constitutes an intelligent admission that the accused committed the offense unless the accused has received real notice of the true nature of the charge against him, which is the first and most universally recognized requirement of due process." *Marshall v. Lonberger*, 459 U.S. 422, 436 (1983) (quotations omitted).

---

[1]Although the plea agreement contains a waiver of appellate rights, Mr. Flores was not informed about the waiver when he entered his plea in front of the court. Therefore, the government concedes that the waiver is unenforceable.

In support of his argument that his plea was not knowing and voluntary, Mr. Flores contends that he did not understand the plea agreement and that he was uncertain about the penalties for, and elements of, the offenses with which he was charged. He further states that there is no evidence that he had an interpreter during his discussions with his attorney about the plea agreement.

The record belies Mr. Flores's assertions. The district court reviewed the elements of each offense with Mr. Flores when he decided to plead guilty during the status conference, and Mr. Flores stated that he understood those charges. The court similarly reviewed the penalties for each offense, and the superseding indictment and plea agreement also explained the penalties. Mr. Flores told the court that he understood the charges, that he had discussed them with his attorney, and that he had no questions about what the court had explained. He also responded affirmatively to the court's question whether he had submitted the pleas voluntarily and of his own free will.

Similarly, there is no evidence that a language barrier interfered with Mr. Flores's understanding of the plea agreement. Although Mr. Flores speaks Spanish and the agreement is in English, the record demonstrates that Mr. Flores's counsel at the time was fluent in Spanish, and a translator was provided at the hearing when Mr. Flores entered his guilty plea and at which he stated that he understood the terms of the agreement.

Thus, the court did not err in accepting Mr. Flores's plea as knowing and voluntary.

2.    *Factual Basis for the Plea*

Under Fed. R. Crim. P. 11(b)(3), the court must satisfy itself that there is a factual basis for a guilty plea before entering judgment on it.  Mr. Flores contends that the district court erred in relying solely on his own sworn statements to the court during the plea colloquy, rather than on the government's evidence, to determine that a factual basis for his plea existed.  We first note that nothing in Rule 11 requires the court to consider only the government's evidence, and to disregard the defendant's own statements, in determining that a plea is supported by a factual basis.  To the extent that Mr. Flores suggests that the purported involuntariness of his plea (i.e., his alleged misunderstanding of the elements and penalties of the crimes) also impacted his ability to provide the facts supporting it, we disagree.  As explained above, the record demonstrates that Mr. Flores entered a knowing and voluntary plea of guilty, and he has pointed to no evidence, other than his assertion on appeal that he simply was not truthful to the court during the colloquy, that calls into question the facts he provided to support the plea.

On this record, then, we cannot conclude that the district court erred in accepting Mr. Flores's plea as voluntary, intelligent, and supported by a factual basis.

C.    Sentence

Finally, Mr. Flores challenges the district court's imposition of a consecutive, rather than concurrent, 60-month sentence on his firearm conviction under 18 U.S.C. § 924(c)(1)(A)(i).  This argument is foreclosed by our decision in *United States v. Villa*, 589 F.3d 1334 (10th Cir. 2009).

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM Mr. Flores's convictions and sentence.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge