FILED
United States Court of Appeals
Tenth Circuit

April 2, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN JOSEPH FREISINGER,

           Petitioner - Appellant,

v.

JIM KEITH; ATTORNEY GENERAL
OF THE STATE OF OKLAHOMA,

           Respondents - Appellees.

No. 11-6268
(D.C. No. 5:09-CV-00836-C)
(W. D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

Applicant John Joseph Freisinger, an Oklahoma prisoner, filed a pro se

application for relief under 28 U.S.C. § 2254 in the United States District Court

for the Western District of Oklahoma. The district court denied the application.

Applicant seeks a certificate of appealability (COA) from this court to appeal the

denial. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal the denial of a

§ 2254 application). We deny his application for a COA and dismiss the appeal.

## I.    BACKGROUND

Applicant pleaded guilty in state court to five counts of first-degree rape,

two counts of second-degree rape by instrumentation, three counts of attempted

first-degree rape, and three counts of sexual abuse of a child. He later filed a

motion to withdraw his plea, but the court denied the motion and the Oklahoma Court of Criminal Appeals (OCCA) affirmed. Thereafter, he applied for postconviction relief, but the state trial court denied relief and the OCCA again affirmed.

Applicant then filed his § 2254 application asserting four claims: (1) that his plea was not knowing and voluntary because he was taking Celexa, an antidepressant that "create[d] a level of confusion," R., Vol. 1 at 11; (2) that the trial court erred in failing to determine whether he was taking medication before it denied his motion to withdraw his plea; (3) that he was factually innocent because the state failed to establish a factual basis for the charges or identify evidence to support the charges; and (4) that he was denied effective assistance of trial and appellate counsel on the issue of factual innocence. He sought an evidentiary hearing, vacation of the convictions, and dismissal of the charges or a new trial. The district court, adopting the recommendation of the magistrate judge, denied relief.

Liberally construing Applicant's pro se pleadings in this court, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), we understand him to be abandoning the last two claims and pursuing only the first two. He seeks the same remedies.

## II.   DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard

-2-

requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [application] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal

principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation marks omitted). Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather, that application must have been unreasonable. Additionally, AEDPA requires deference to state-court fact findings. Such findings are presumed correct and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). For those of Applicant's claims that the OCCA adjudicated on the merits, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

We now turn to Applicant's two claims in this court, both of which essentially assert that his plea was unconstitutionally infirm because it was not knowing and voluntary. *See United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002) ("A defendant's guilty plea must be knowing, voluntary, and intelligent. To enter a plea that is knowing and voluntary, the defendant must have a full understanding of what the plea connotes and of its consequence." (citations and internal quotation marks omitted)). He contends (1) that he was under the influence of Celexa, which can cause confusion in a patient ingesting it

and did in fact diminish his understanding of the proceedings; and (2) that the state trial court erred in rejecting his motion to withdraw his plea without inquiring into when and how much Celexa he had taken.

In affirming the denial of Applicant's motion to withdraw his plea, the OCCA stated:

> In his Summary of Facts [used at his plea hearing], [Applicant] denied that he was currently taking any medications which would affect his ability to understand the proceedings. The district judge noted that at the time [Applicant] entered the plea, the court was very thorough in going over the paperwork with him. The judge believed that [Applicant] understood exactly what he was doing and found specifically that his plea was knowingly and voluntarily entered. The court also noted, "I don't believe that you were under the influence of anything that affected your ability to understand or to answer questions truthfully. You were clearly paying attention sir." The district court did not abuse its discretion in denying [Applicant's] request to withdraw his guilty plea.

Summ. Op. Den. Cert. at 2–3, *Freisinger v. Oklahoma*, No. C-2007-487 (Okla. Crim. App. Mar. 17, 2008) (hereinafter "Summ. Op. Den. Cert."). The OCCA also ruled that the trial court did not err in declining to inquire further into Applicant's ingestion of medication.

In the § 2254 proceedings the district court held that Applicant had failed to present clear and convincing evidence to rebut the presumption of correctness attached to the state court's finding that Applicant understood what he was doing in pleading guilty. Accordingly, it denied both claims.

-5-

No reasonable jurist could dispute the district court's rejection of Applicant's first claim. *See Sandgathe v. Maass*, 314 F.3d 371, 375, 378–79 (9th Cir. 2002) (claim that psychotropic medication caused confusion and disorientation fails to rebut the state court's finding that there was no credible evidence suggesting that applicant was unable to understand the plea hearing because of the effects of prescribed medication). And the second claim likewise fails because the state court, through its statement that "I don't believe that you were under the influence of anything that affected your ability to understand or to answer questions truthfully[,]" Summ. Op. Den. Cert. at 2 (internal quotation marks omitted), articulated a finding that *even if* Applicant was taking medication, he appreciated the consequences of pleading guilty. Applicant has not overcome the presumption that this finding was correct. Finally, nothing in this case warranted an evidentiary hearing.

## III. CONCLUSION

We GRANT Applicant's motion to proceed *in forma pauperis*, but DENY his application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-6-