**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DAKOTA COOK,

     Defendant - Appellant.

No. 20-2037
(D.C. No. 1:17-CR-01721-JCH-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McHUGH**, and **EID**, Circuit Judges.
_____

     Defendant Dakota Cook was indicted for two counts of possession of a firearm by

a felon (in violation of 18 U.S.C. § 922(g)(1)) and one count of possession of an

unregistered firearm (in violation of 26 U.S.C. §§ 5861(d), 5841, and 5871).  He pleaded

guilty to the first count of the indictment in exchange for the dismissal of the other two.

Cook's plea agreement included the following appellate waiver:

> 21.  The Defendant is aware that 28 U.S.C. § 1291 and
> 18 U.S.C. § 3742 afford a defendant the right to appeal a
> conviction and the sentence imposed.  Acknowledging that,
> the Defendant knowingly waives the right to appeal the
> Defendant's conviction(s) and any sentence, including any

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

> fine, at or under the maximum statutory penalty authorized by law.

R., Vol. 1, at 31.  At the time of his sentencing, Cook was serving a 15-year state sentence in New Mexico for second-degree murder.  The presentence report computed Cook's offense level at 35 and criminal history VI, resulting in a guideline imprisonment range of 292–365 months.  The district court sentenced Cook to the maximum statutory penalty for being a felon in possession of a firearm: 120 months' imprisonment. 18 U.S.C. § 924(g).  Applying USSG § 5G1.3(d), the court further ordered that five years of the sentence would be served concurrently with Cook's state sentence and five years would be served consecutively.  The court denied Cook's request to reduce the sentence to account for his pre-sentence confinement.

Cook filed a notice of appeal, contending the district court should have run the entire federal sentence concurrently with his state sentence and challenging the denial of his request for presentence confinement credit.  The government now moves to enforce the waiver in Cook's plea agreement.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we grant the motion and dismiss the appeal.

## DISCUSSION

In deciding whether to enforce an appellate waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

2

Cook argues that each of these considerations demonstrates that the waiver should not be enforced.

## A. Scope of the Waiver

The instant appeal falls within the terms of the waiver. Cook was sentenced "at or under the maximum statutory penalty authorized by law" and now appeals that sentence. Cook contends his appeal was not within the scope of the waiver on two bases. First, he argues that the plea agreement did not discuss the interaction between his state and federal sentences and that he had an implicit right to rely on the district court applying the "correct" guidelines. Second, he argues that he was—in effect—sentenced to more than ten years' imprisonment because the district court did not grant his request for pre-sentence confinement credit against his federal sentence.

We disagree. As to the first argument, regardless of *why* Cook seeks to appeal (in this case, the issue of whether his federal sentence should have been run entirely concurrent with his state sentence), *what* he seeks to appeal is a sentence of ten years' imprisonment. In his plea agreement, he waived that right. As to the second, Cook's sentence was 120 months' imprisonment, R., Vol. 1, at 61, and the district court lacks authority to grant credit for presentence confinement against federal sentences, *United States v. Wilson*, 503 U.S. 329, 334 (1992). Cook asserts that, because of this lack of authority, the court should have adjusted his sentence, citing *United States v. Dorsey*, 166 F.3d 558, 561 (3d Cir. 1999). Even if the court had the discretion to impose a sentence of less than 120 months to account for time spent in federal pre-sentence confinement, however, whether or not it did so does not change the

3

maximum statutory penalty allowed by law. Because his sentence did not exceed the statutory maximum, he waived his right to appeal it.

## B. Knowing and Voluntary Waiver

"When determining whether a waiver of appellate rights is knowing and voluntary, we especially look to two factors. First, we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily. Second, we look for an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325 (citation omitted). The language of Cook's plea agreement states he "knowingly waives" his appellate rights. R., Vol. 1, at 31. It further specifies the plea "is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda)." *Id.* at 32. In his Rule 11 colloquy, Cook acknowledged that he understood the rights he was giving up with the appellate waiver, that he was aware this court would enforce the waiver, and that he had discussed the rights he was giving up with his attorney.

Both the terms of the written waiver and the plea colloquy therefore indicate it was made knowingly and voluntarily. Cook does not challenge the voluntariness of his appellate waiver but argues that it was not made knowingly because the issue of whether the federal sentence would be imposed consecutively or concurrently with his state sentence was not discussed. However, "the consecutive nature of a sentence is not a direct consequence about which the defendant must be advised" for a plea to be knowing. *United States v. Hurlich*, 293 F.3d 1223, 1231 (10th Cir. 2002). Cook

4

was advised that he faced a sentence of up to ten years, and he was sentenced to ten years. He therefore knowingly waived his appellate rights.

## C. Miscarriage of Justice

Enforcing an appellate waiver does not result in a miscarriage of justice unless it results in a situation "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (alterations in original) (internal quotation omitted). To satisfy the fourth factor, the waiver must "seriously affect the fairness, integrity or public reputation of judicial proceedings" as set forth in *United States v. Olano*, 507 U.S. 725, 732 (1993). *Hahn*, 359 F.3d at 1327 (alteration omitted) (internal quotation marks omitted). Cook does not address the first three factors. He instead argues the waiver is otherwise unlawful because the court applied the wrong sentencing guideline when it opted to run part of his federal sentence consecutively to his state sentence, resulting in an allegedly illegal sentence. This argument is unavailing. Cook was sentenced to ten years' imprisonment—the maximum statutory penalty authorized by law. Cook's arguments that his resulting *sentence* is unlawful do not speak to whether his *appellate waiver* was unlawful; he does not show that enforcing the waiver would seriously affect the integrity, fairness, or public reputation of judicial proceedings. *See Hahn*, 359 F.3d at 1329 ("Subjecting [the defendant] to a

5

sentence sanctioned by Congress does not constitute an error seriously affecting the fairness, integrity, or public reputation of judicial proceedings.").

We therefore enforce Cook's appeal waiver found in his plea agreement and dismiss this appeal.

Entered for the Court
Per Curiam