**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-4336**

─────────────

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

JAMAR GREEN,

> Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Mark S. Davis, Chief District Judge.  (4:20-cr-00001-MSD-LRL-1)

─────────────

Submitted:  July 31, 2023                    Decided:  August 10, 2023

─────────────

Before AGEE, WYNN, and HEYTENS, Circuit Judges.

─────────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Cary S. Greenberg, GREENBERG COSTLE, PC, Tysons Corner, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Joseph Attias, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamar Green appeals his conviction and sentence imposed following his guilty plea to conspiracy to possess with intent to distribute MDMA, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. On appeal, Green raises four claims of error. He contends that his guilty plea was not knowing, intelligent, and voluntary; that the district court erred in allowing him to represent himself; that the court erred in calculating his Sentencing Guidelines range; and that the delay between the date of his federal charge and the date of his guilty plea violated his Sixth Amendment right to a speedy trial. The Government seeks to enforce the waiver of appellate rights in Green's plea agreement as to the final two claims. For the following reasons, we affirm in part and dismiss in part.

We first consider the validity of Green's guilty plea. Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charges to which he is pleading guilty, any applicable mandatory minimum sentence, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016).

Because Green neither raised an objection during the Fed. R. Crim. P. 11 proceeding nor moved to withdraw his guilty plea in the district court, we review the plea colloquy only for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014); *see United States v. Vonn*, 535 U.S. 55, 73 n.10 (2002). To establish plain error, Green "must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc).

Green argues that his guilty plea is invalid because the district court failed to advise him that credit for time spent in pretrial detention would not be applied to his federal sentence, as that time was instead credited to an undischarged state sentence pursuant to 18 U.S.C. § 3585(b).  We conclude this claim is without merit.  Rule 11 "does not require a district court to inform the defendant of mandatory consecutive sentencing."  *United States v. General*, 278 F.3d 389, 395 (4th Cir. 2002).  Indeed, here, the application of § 3585(b) did "not affect the length or nature of the federal sentence, even though it increase[d] the total length of [Green's] incarceration."  *United States v. Hurlich*, 293 F.3d 1223, 1231 n.3 (10th Cir. 2002) (emphasis omitted).  The district court therefore was not required to include this information in its Rule 11 colloquy.  Accordingly, the district court did not err, plainly or otherwise, in accepting Green's guilty plea.

Green next contends that the district court erred in allowing him to represent himself without properly advising him of the risks of proceeding without the assistance of counsel and, further, needed to readmonish him when the court learned that Green had entered plea negotiations with the Government.  We conclude, however, that Green waived these nonjurisdictional challenges when he entered his valid, unconditional guilty plea; Green's assertion that his guilty plea was invalid because it was not counseled is without merit.  *See United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010).

Finally, we review de novo the validity of an appeal waiver.  *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018).  We generally will enforce a waiver if it is valid and the issue being appealed falls within the scope of the waiver.  *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018).  A defendant's waiver of appellate rights is valid if he entered

3

it "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). After review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Green knowingly and voluntarily waived his right to appeal his conviction and sentence. Thus, we conclude that the waiver is valid and enforceable and that Green's remaining claims fall squarely within the scope of the waiver.

Accordingly, we dismiss the appeal as to the claims foreclosed by the appellate waiver and affirm as to the remainder of the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*