**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 9, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LORENZO SALAZAR-PUENTE,

      Defendant-Appellant.

No. 08-2000
(D.C. No. 2:07-CR-01134-JB-1)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Lorenzo Salazar-Puente, a citizen of Mexico, pleaded guilty to one count of

reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b). In a brief

filed pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), Salazar-Puente's

counsel moves this court for leave to withdraw and draws our attention to two

potentially meritorious issues for appeal: (1) whether Salazar-Puente's plea was

knowing and voluntary and (2) whether Salazar-Puente's sentence was

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

substantively reasonable.  Exercising jurisdiction under 28 U.S.C. § 1291 and 18

U.S.C. § 3742, we grant counsel's motion to withdraw and affirm Salazar-

Puente's conviction and sentence.

**I**

In 1990, Salazar-Puente was convicted of aggravated rape in Tennessee

state court.  Upon completion of his sentence in 2005, he was deported to Mexico.

On April 19, 2007, he was apprehended by United States Border Patrol agents in

New Mexico, apparently after walking across the border.  Salazar-Puente was

charged by information with one count of reentry of a removed alien in violation

of 8 U.S.C. § 1326(a) and (b) and pleaded guilty before a magistrate judge.

Salazar-Puente's presentence report ("PSR") established a base offense

level of 8 for illegal reentry, to which it added 16 levels because Salazar-Puente

was previously deported following a "crime of violence."  U.S.S.G. § 2L1.2(a),

(b)(1)(A)(ii).  Salazar-Puente's offense level was then reduced by 3 levels

because he accepted responsibility for his crime, § 3E1.1, for a final offense level

of 21.

The PSR also assigned three criminal history points for Salazar-Puente's

prior aggravated rape conviction.  See § 4A1.2(e)(1) (providing that a prior

conviction resulting in a sentence of imprisonment of over 13 months, any part of

which was served within 15 years of the instant offense, may be counted towards

a criminal history score); § 4A1.1(a) (providing that a sentence exceeding 13

months leads to 3 criminal history points). This gave him a criminal history category of II for a recommended Guidelines sentencing range of 41-51 months' imprisonment. Ch. 5, Pt. A (Sentencing Table).

Salazar-Puente filed a sentencing memorandum in which he argued for a downward variance based on his individual characteristics, focusing on his rehabilitation during imprisonment. At sentencing, Salazar-Puente affirmed that he did not dispute anything in the PSR, agreed that the applicable sentencing range was 41-51 months' imprisonment, and reiterated his arguments for a variance. Noting Salazar-Puente's single past conviction and his subsequent rehabilitation, the prosecution did not oppose a downward variance.

The court adopted the Guidelines calculation in the PSR and considered the sentencing factors listed at 18 U.S.C. § 3553(a). After discussing these factors and emphasizing Salazar-Puente's minimal criminal history, the court imposed a sentence of 24 months' imprisonment followed by 2 years' supervised release. Some time after sentencing, the court entered a written statement of reasons for the variance as required by § 3553(c)(2). Counsel then filed an Anders brief within the time period for appeal.

**II**

If an attorney conscientiously examines a client's case and determines that any appeal would be wholly frivolous, counsel "should so advise the court and request permission to withdraw." Anders, 386 U.S. at 744. Counsel must submit

a brief to both the appellate court and the client, pointing to anything in the record that would arguably present an appealable issue. Id. The court itself must also examine the record for any meritorious issues. Id. If the court determines that the appeal is frivolous, it may grant counsel's request to withdraw. Id.

Counsel provided Salazar-Puente with a copy of the Anders brief, but he declined the opportunity to file a pro se brief in response. The government also declined to file a brief. Counsel's brief raises two arguably appealable issues: (1) whether Salazar-Puente's plea was knowing and voluntary; and (2) whether Salazar-Puente's sentence was substantively reasonable. Upon independent examination of the record, we agree that an appeal would be frivolous.

**A**

"To enter a plea that is knowing and voluntary, the defendant must have 'a full understanding of what the plea connotes and of its consequence.'" United States v. Hurlich, 293 F.3d 1223, 1230 (10th Cir. 2002) (quoting Boykin v. Alabama, 395 U.S. 238, 244 (1969)). As counsel aptly summarizes, the court specifically advised the defendant of the rights he would waive by pleading guilty, as required by Federal Rule of Criminal Procedure 11(b)(1)(B)-(F). The court also advised Salazar-Puente of the nature of the charges, Fed. R. Crim. P. 11(b)(1)(G), and of the maximum penalty applicable to him, Fed. R. Crim. P. 11(b)(1)(H). However, the court did not specifically advise Salazar-Puente of its "obligation to calculate the applicable sentencing-guideline range and to consider

that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a)."[1] Fed. R. Crim. P. 11(b)(1)(M).

"Although district courts are required to comply with the procedures set forth in Rule 11, their failure to do so does not call for automatic reversal on direct appeal. Rather, 'any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded' as harmless error." United States v. Gigot, 147 F.3d 1193, 1197 (10th Cir. 1998) (quoting Fed. R. Crim. P. 11(h)). "An error in a Rule 11 proceeding is not harmless unless we are convinced that substantial rights were not detrimentally affected and that the district court's error had no significant influence on the decision to plead guilty." Id. (quotation and alterations omitted).

Under the circumstances of this case, the district court's error did not affect Salazar-Puente's substantial rights. He was clearly advised, and clearly understood, that he could be sentenced to up to 240 months' imprisonment. This "consequence," Hurlich, 293 F.3d at 1230, subsumes the applicable Guidelines range of 41 to 51 months' imprisonment and the 24 months' imprisonment to which he was actually sentenced. Salazar-Puente voluntarily pled guilty knowing the possibility of a 20-year term of imprisonment, and it strains credulity to

---

[1] Because no mandatory minimum sentence, forfeiture provision, restitution requirement, special assessment provision, or plea waiver applies, the court did not need to provide Salazar-Puente with information on any of these matters under Rule 11(b)(1)(I)-(L) & (N). Thus, only subsection (M) was not strictly complied with.

imagine that he would have altered his plea if he had known that he might be subject to an upward variance from a 41-to-51-month Guidelines range. The district court's error was thus harmless and could not support a successful appeal.

**B**

As counsel concedes, the sentence imposed by the district court was substantively reasonable.[2] The record establishes that the district court considered the relevant sentencing factors specified at 18 U.S.C. § 3553(a) and ultimately varied downward from the guideline range based on counsel's arguments regarding Salazar-Puente's minimal criminal history and record of rehabilitation. Nothing in the record indicates that a further downward variance was warranted.

**III**

Because the record does not support any arguably appealable issues, we **AFFIRM** Salazar-Puente's conviction and sentence and **GRANT** counsel's motion to withdraw.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[2] Because there is no cross appeal from the government, we consider only whether Salazar-Puente's sentence might be unreasonably long. Greenlaw v. United States, 128 S. Ct. 2559, 2562 (2008).