**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA

Respondent-Appellee.

v.

MOHAMMED ABDUL MAJID,

Defendant-Appellant.

No. 06-6060
(W.D. of Okla.)
(D.C. Nos. CR-98-80-R
and CIV-05-312-R)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **EBEL,** and **TYMKOVICH**, Circuit Judges.[**]

Petitioner-Appellant Mohammed Majid, proceeding *pro se*,[1] seeks a
Certificate of Appealability (COA) to appeal the district court's dismissal of his
federal habeas corpus application on waiver and procedural default grounds.
Because Majid could and should have raised the issues underlying his petition on

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] We construe Majid's appellate filings liberally. *See Cummings v. Evans*,
161 F.3d 610, 613 (10th Cir. 1998).

direct appeal, we deny his request for a COA and DISMISS his case.

## I. Background

Majid is a federal inmate serving a 57-month sentence for interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3). Majid pleaded guilty pursuant to a plea agreement. In the agreement, Majid waived his right to appeal his conviction. We upheld this waiver in an April 14, 2004 order in *United States v. Majid*, No. 04-6076. Despite this waiver, Majid filed a petition for habeas corpus under 28 U.S.C. § 2255 in the Western District of Oklahoma, arguing that his appointed counsel rendered ineffective assistance in violation of the Sixth Amendment. The petition and related motions were dismissed as procedurally barred. Because the district court did not address Majid's request for a COA it is denied pursuant to Tenth Circuit Rule 22.1(C). Majid now asks this court for a COA to appeal the district court's dismissal of his petition.

## II. Discussion

We may only issue a COA if Majid "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied Majid's petition on procedural grounds, we may issue a COA if he demonstrates both

> that jurists of reason would find it debatable whether the petition
> states a valid claim of the denial of a constitutional right and that
> jurists of reason would find it debatable whether the district court
> was correct in its procedural ruling.

2

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As noted by the district court, post conviction motions under § 2255 are not available to address issues which should have been raised on direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982), *United States v. Dago*, 441 F.3d 1238, 1244 (10th Cir. 2006).  This rule applies even where the defendant has waived his right to appeal.  *Frady*, 456 U.S. at 165.  As a result, where a defendant has waived his right to appeal, and has thereby waived his opportunity to raise issues presented in a subsequent § 2255 petition, those issues subsequently raised are procedurally barred.  *Id.*   Procedural default will not bar a defendant's claims if he can (1) establish cause excusing the default and actual prejudice resulting from the error at issue or (2) show that a fundamental miscarriage of justice will occur if his claim is not addressed.  *Id.*; *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).

Majid argues here, as below, that his procedural default was caused by the ineffective assistance rendered by his appointed federal public defender.  While a showing of ineffective assistance of counsel may constitute cause for procedural default, it is only sufficient to excuse the default if the attorney's error rises to the level of constitutionally deficient representation.  *Rogers v. United States*, 91 F.3d 1388, 1391 (10th Cir. 1996).  The district court found Majid's allegations regarding his attorney's ineffectiveness to be unsubstantiated.  We agree.

Majid contends that his attorney coerced him into signing his plea

3

agreement and into lying to the district court regarding the voluntary nature of that agreement. As documented by the district court, these assertions are contrary to his own sworn testimony at the plea hearing and the language of the agreement itself. Moreover, this court explicitly rejected this line of argumentation in upholding Majid's waiver of appellate rights in the plea agreement.

Majid also maintains that his attorney failed to properly investigate and prepare his case for trial, failed to ask for an interpreter, and failed to make several plainly frivolous legal arguments. These allegations are either wholly unsupported by the record or legally insufficient to support a claim of ineffective assistance. The record demonstrates that Majid's counsel engaged in ample discovery in preparation for Majid's case. Similarly, the record and Majid's proven ability to represent himself demonstrates his understanding of English. That Majid's attorney did not make frivolous arguments on his behalf cannot overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). The claims Majid would have had his attorney raise had no reasonable probability of success.[2] *See Neill v. Gibson*, 278 F.3d 1044 (10th Cir. 2001) (ineffective assistance claim by habeas corpus petitioner must be supported

_____

[2] For example, because no docket number was assigned to his charging indictment, Majid would have had his attorney contend that the indictment was not legally extant.

4

by showing that omitted claim would have led to a different result).

Majid has made no showing of ineffective assistance of counsel and has therefore failed to establish cause excusing his procedural default. Majid has also not shown that a fundamental miscarriage of justice will be the result of his claims being procedurally barred. *United States v. Hahn*, 359 F.3d 1315, 1324–25 (10th Cir. 2004). We therefore find that jurists of reason would not find it debatable whether Majid has made a valid claim of a denial of a constitutional right, nor would they find it debatable whether the district court erred in its ruing that Majid's claims are procedurally barred.

## II. Conclusion

For the foregoing reasons, we GRANT Majid's motion to proceed *in forma pauperis*, DENY his application for a COA, DENY as moot his motion for original transcripts to be ordered, and DISMISS his appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

5