**UNITED STATES COURT OF APPEALS**   **June 19, 2014**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　　Plaintiff – Appellee,

v.

DANNY EUGENE CLARE,

　　　　　Defendant - Appellant.

No. 13-5149
(D.C. No. 4:12-CR-00195-JHP-1)
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant, Danny Eugene Clare, seeks to appeal his conviction and sentence following his plea of guilty to one count of possession of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

a firearm following felony convictions, in violation of 18 U.S.C. §§ 922((g)(1) and 924(a)(2).  His appointed counsel, William P. Widell and Barry L. Derryberry, have filed an <u>Anders</u> brief and have moved to withdraw as counsel. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738 (1967).  Mr. Clare has filed a *pro se* response to that brief; the government has declined to file a brief.  We accordingly base our conclusion on counsel's brief, Mr. Clare's response, and our own careful review of the record.  For the reasons set forth below, we agree with Messrs. Widell and Derryberry that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant their motion to withdraw and we dismiss this appeal.

The presentence report ("PSR"), prepared by the United States Probation Office in anticipation of sentencing Mr. Clare, provides the following basic facts relevant to this appeal:  On August 26, 2012, Mr. Clare contacted the Rogers County Sheriff's Office and informed the officers that he was sitting in his truck outside of a rural Rogers County Residence.  Mr. Clare told the dispatcher that he believed his runaway daughter was inside the residence and that if deputies did not help get her out, he was going to shoot himself in the head.  Law enforcement officers arrived at the residence and observed Mr. Clare sitting in a black truck with a firearm pointed at his head.  Officers talked to Mr. Clare and told him to put the firearm down and come out of the truck, which Mr. Clare refused to do. During negotiations with Mr. Clare, law enforcement personnel learned that

Mr. Clare believed that the residents of the house had allowed his daughter to run away with their son and that they were hiding his daughter from him. While Mr. Clare was in the vehicle, he informed officers that if the residents in the house did not release his daughter within five minutes, he was going to drive his vehicle into the residence and shoot everyone in the house and himself.

After approximately two hours of negotiations, Mr. Clare exited his vehicle with the firearm still held to his head. After a few minutes, he dropped the firearm and was taken into custody. Officers recovered the firearm, a .380 caliber semi-automatic pistol, which was not loaded. Mr. Clare was transported to a hospital and then to a mental health facility because of his threats to himself and others and his attempts to harm himself while en route to the jail.

On November 7, 2012, Mr. Clare was named in a single-count indictment, charging that on or about August 26, 2012, he knowingly possessed the .380 caliber pistol, having previously been convicted of multiple felonies, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On December 12, 2012, upon a motion by his defense counsel, Mr. Clare was ordered to undergo a competency evaluation.

Following a competency evaluation by a licensed psychologist, Mr. Clare appeared before a magistrate judge for a competency hearing. He was subsequently found to be incompetent to stand trial, and he was remanded to custody for competency restoration.

On July 23, 2013, following the completion of a subsequent competency evaluation by a licensed psychologist with the Oklahoma Bureau of Prisons, Mr. Clare appeared before the magistrate judge for another competency hearing. This time he was found to be competent to stand trial, and he was remanded to the custody of the United States Marshals Service pending further proceedings. On September 3, 2013, Mr. Clare pled guilty to the single count of the indictment.

A PSR was prepared, which assigned to Mr. Clare's conduct a total offense level of 21. With a criminal history category of VI, Mr. Clare's advisory sentencing range under the United States Guidelines Commission, <u>Guidelines Manual</u> ("USSG"), was 77-96 months. Prior to sentencing, Mr. Clare's attorney filed a sentencing memorandum requesting a downward variance from the advisory sentencing range, arguing that the "nature and circumstances of the offense and the history and characteristics of the defendant[,] particularly his mental state at the time of the incident," justified a lesser sentence. Def. Clare's Sentencing Mem. at 1; R. Vol. 1 at 32.[1] At sentencing, the district court granted

---

[1]The gist of Mr. Clare's argument for a lesser sentence was that his extensive criminal history was in the distant past; that criminal history was drug-related, and he had "last used methamphetamine more than ten years ago"; and he was, at the time of the offense of conviction, "engaged to a nice-young woman, was actively involved in his children's lives and assisting in their support and was a model employee." Def.'s Sentencing Mem. at 4; R. Vol. 1 at 35. He thus argued he "had clearly turned his life around." <u>Id.</u> At the time of the events resulting in the instant conviction, Mr. Clare avers he was "an emotional wreck" due to the unexplained disappearance of his teenage daughter. <u>Id.</u> at 5. As it turned out, the daughter was living with her boyfriend.

(continued...)

the motion in part and assessed a sentencing range of 57-71 months. The court

then sentenced Mr. Clare to 57 months' imprisonment, followed by three years of

supervised release. Mr. Clare's counsel filed this appeal. As indicated, that

counsel has now moved to withdraw as counsel pursuant to Anders.

The Supreme Court decision in Anders authorizes a defendant's lawyer to

seek permission to withdraw from an appeal if, "after conscientious examination,"

the lawyer finds the appeal "wholly frivolous," Anders, 386 U.S. at 744.

Invoking Anders requires the lawyer to "submit a brief to the client and the

appellate court indicating any potential appealable issues based on the record,"

and the client has an opportunity to respond to his attorney's arguments. United

States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at

744). In evaluating the attorney's request to withdraw, we are required to

"conduct a full examination to determine whether the defendant's claims are

wholly frivolous." Id. If they are, we may grant counsel's motion to withdraw

and dismiss the appeal. Id.

Applying that standard, we consider counsel's brief and Mr. Clare's

submission. Mr. Clare's counsel "submits that no arguable appellate issue is

---

[1](...continued)
Furthermore, Mr. Clare "has a long history of mental illness. [He] is also not the smartest person to ever appear before this Court. [He] dropped out of school during his ninth grade year. While in school, he achieved low grades and was placed in special education classes due to what are referred to as learning disabilities." Id. at 7.

supported in the record of this case."  Appellant's <u>Anders</u> Br. at 4.  His counsel

further notes that no potential errors were preserved by way of objection in the

district court, such that a "plain error" standard of review would apply to any

such issue.  With respect to his conviction, counsel states that, "[t]he record

reflects compliance with the requirements of Fed. R. Crim. P. 11.  Mr. Clare's

present competency was established, and he confirmed an understanding of all of

his fundamental trial rights."  Appellant's <u>Anders</u> Br. at 7.  With respect to his

sentence, Mr. Clare's counsel avers that the record reveals no basis for

challenging either the procedural or the substantive reasonableness of the

sentence imposed.  Counsel therefore seeks permission to withdraw.

By contrast, Mr. Clare's *pro se* response argues that his attorney,

Mr. Widell, lied to him and told him that "the judge would get to see the (PI)

priv[a]t[e] inve[s]t[igator] reports and newspaper [articles] that prove [his] civ[il]

rights to . . . equality under the law[] w[e]re vi[o]l[a]ted . . . [due] to the

corrup[]tion between the Sh[e]riff['s] Office and the [District Attorney's] office

in Rogers County, Claremore OK."  4/29/2014 Response at 1.  He further claims

he "should be . . . treated for the tra[u]ma [he] ha[s] suffered."  <u>Id.</u>  Finally, he

claims he "should not have been a[d]vised to ple[ad] g[u]ilty," <u>id.</u>, and that his

attorneys are "not on [his] side" because they have been "paid off" by someone.

<u>Id.</u> at 2.  Accordingly, construed liberally as we must do with *pro se* pleadings,

Mr. Clare suggests he was denied due process and equal protection because of

claimed corruption and/or collusion between law enforcement and the prosecution, and attorney ineffectiveness/misconduct. He also arguably suggests some problem with his competency determination.

In this case, we conduct our <u>Anders</u> examination through the lens of plain-error review, because Mr. Clare did not raise any of his issues in the district court. <u>See</u> <u>United States v. Vonn</u>, 535 U.S. 55, 58-59 (2002); <u>United States v. Ferrel</u>, 603 F.3d 758, 763 (10th Cir. 2010). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects the defendant's substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." <u>United States v. Landeros-Lopez</u>, 615 F.3d 1260, 1263 (10th Cir. 2010) (internal quotation marks omitted).

As indicated, Mr. Clare pled guilty to the count of the indictment. A defendant's plea of guilty is enforceable when made knowingly and voluntarily. <u>United States v. Hahn</u>, 359 F.3d 1315, 1325 (10th Cir. 2004). "To enter a plea that is knowing and voluntary, the defendant must have a full understanding of what the plea connotes and of its consequence." <u>United States v. Hurlich</u>, 293 F.3d 1223, 1230 (10th Cir. 2002). Furthermore, "Rule [11] requires the court to accept a guilty plea only after engaging in an extensive colloquy advising the defendant of his rights and questioning the defendant to be sure he understands those rights and is entering the plea voluntarily." <u>United States v. Villa-Vazquez</u>, 536 f.3d 1189, 1199 (10th Cir. 2008). Mr. Clare was initially declared not

competent to stand trial; he was subsequently found competent, after spending time undergoing treatment and following further psychological testing, and following a competency hearing.  Mr. Clare's vague and unsubstantiated claims about his mental status in no way undermine the validity of those proceedings and the declaration of competence.  Additionally, there is no suggestion or indication that Rule 11 was not followed, or that the competency proceedings were inadequate or improper in some way.[2]  Thus, we perceive no plain error in the district court's acceptance of Mr. Clare's guilty plea.

To the extent Mr. Clare suggests there was some error in the calculation and/or imposition of his sentence, we note that we review sentences for substantive and procedural reasonableness under an abuse of discretion standard.  United States v. Lopez-Macias, 661 F.3d 485, 488-89 (10th Cir. 2011).  Procedural reasonableness involves an assessment of "the method by which a sentence is calculated."  Id.

"[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)."  United States v. Damato, 672 F.3d 832, 838 (10th Cir. 2012) (internal quotation marks omitted).  We review substantive reasonableness claims for abuse of discretion, id., "afford[ing] substantial

---

[2]We have carefully reviewed the transcript of the change of plea hearing in this case, and we note that there was no indication that Mr. Clare was unable to freely and voluntarily enter his guilty plea.

deference to [the] district court[]." United States v. Smart, 518 F.3d 800, 806 (10th Cir. 2008). A sentence within the properly-calculated Guidelines range is presumed on appeal to be reasonable. United States v. Alvarez-Bernabe, 626 F.3d 1161, 1167 (10th Cir. 2010).

At sentencing, Mr. Clare argued for a sentence below the advisory Guidelines range, reiterating the grounds asserted in his Sentencing Memorandum. The district court demonstrated its understanding of his arguments:

> the Court notes that the defendant filed a sentencing memorandum . . . wherein he requests a downward variance of 16 levels to a sentence of probation. As grounds for this request, defendant cites the nature and circumstances of the offense, and his history and characteristics. Specifically, the defendant argues that the commission of the instant offense was a result of overwhelming distress caused by the disappearance of his daughter which exacerbated this mental illness. Further, defendant argues that, although he has an extensive criminal history, his last offense was committed in 2004.
>
> The Court is aware of the facts of this case, the defendant's mental health diagnosis, and his criminal history. Based upon consideration of the totality of the factors cited by the defendant, the Court finds that there are factors present in this case that separate this defendant from the mine run of similarly situated defendants, and warrants a variance. However, the Court cannot ignore the threats made by the defendant to law enforcement in this case, or the significant danger imposed by the defendant's actions. Accordingly, defendant's motion for variance is granted in part and denied in part, and the Court will vary downward three levels to an offense level of 18, combined with a criminal history category of 6. The resulting variance guideline range of imprisonment is 57 to 71 months.

Tr. of Sentencing Hr'g at 6-7; R. Vol. II at 55-56. The district court accordingly sentenced Mr. Clare to 57 months' imprisonment, followed by three years of supervised release.

The district court clearly considered the nature and circumstances of Mr. Clare's crime, as well as his overall situation. The court considered the applicable sentencing factors in reaching the sentence it selected. We perceive no nonfrivolous ground for challenging that sentence.

Finally, Mr. Clare suggests that his attorney misled him or otherwise failed to serve him well. The record before us is insufficient to enable meaningful appellate review of any claim of ineffective assistance of trial counsel. Generally speaking, this explains why "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995). As the Supreme Court has explained:

> In light of the way our system has developed, in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance. When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose.

Massaro v. United States, 538 U.S. 500, 504-05 (2003). Furthermore, nothing in the record as it exists now suggests any error in the representation afforded Mr. Clare.

In short, we perceive no meritorious grounds for an appeal. We therefore GRANT counsel's request to withdraw, and we DISMISS this appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge