**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 7, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

DANNY EUGENE CLARE,

  Defendant - Appellant.

No. 16-5041
(D.C. Nos. 4:15-CV-00276-JHP-PJC and
4:12-CR-00195-JHP-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

On November 7, 2012, Danny Eugene Clare was indicted on a number of charges, including being a felon in possession of a firearm. The Court appointed William Widell to represent Clare. Attorney Widell moved for a competency determination. On January 31, 2013, the court held a hearing and found Clare incompetent. He was transferred to FMC Butner for competency restoration. On July 23, 2013, the court held a second competency hearing and found that Clare was then competent to proceed.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On September 3, 2013, Clare appeared before United States Magistrate Judge Paul Cleary to enter a change of plea. Both Clare and the district court quoted from the transcript of that hearing extensively in this proceeding. Because there is no dispute about what actual words were spoken—the disputes relate to inflection and tone—we rely on those quotations as needed.

On November 27, 2013, Clare appeared before United States District Judge James Payne for sentencing. Clare's U.S. Sentencing Guidelines range was 77 to 96 months. Attorney Widell argued for a significant variance, based on Clare's history of mental illness and mental state at the time of the crime. In light of Clare's individual circumstances, Judge Payne awarded Clare a downward variance, reducing his guideline range to 57 to 71 months. Ultimately, Clare received a 57-month sentence.

On direct appeal, Attorney Widell filed an *Anders v. California*, 386 U.S. 738 (1967), brief and Clare responded. The Tenth Circuit agreed with Attorney Widell, granted his request to withdraw, and dismissed the appeal. *United States v. Clare*, 569 F. App'x 553, 559 (10th Cir. June 19, 2014) (unpublished). On May 15, 2015, Clare filed a motion under 28 U.S.C. § 2255 to vacate his conviction. On March 24, 2016, the district court denied the motion and refused to issue a certificate of appealability (COA). Clare filed a joint application for a COA and an opening brief in this court. Because Clare is pro se, we construe his pro se pleadings liberally, but we do not serve as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

2

Before Clare can appeal the district court's decision, he must obtain from this court a COA. 28 U.S.C. § 2253(c)(1)(A). We may issue a COA only if a petitioner makes a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). Where a district court rejects the petitioner's constitutional claims on the merits, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the [petitioner's] constitutional claims debatable or wrong" to obtain a COA. *Id.* Here, we conclude that reasonable jurists would not debate whether the district court properly denied Hill's ineffective-assistance-of-counsel argument.

The district court concluded that the first three grounds of Clare's motion were procedurally barred: (1) that a magistrate judge lacked jurisdiction to accept Clare's guilty plea, (2) that Clare did not waive his right to have an Article III judge accept his guilty plea, and (3) that Clare's guilty plea was not entered into intelligently. Failure to raise an issue on direct appeal bars a defendant from raising the issue in a habeas motion "unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United State v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994). We agree. Clare failed to raise these issues on

3

direct appeal, so he cannot raise them now. While Clare asserts that he can show cause for the procedural default because his counsel was ineffective, he cannot overcome his procedural default unless his attorney's alleged error rises to the level of constitutionally deficient representation. *United States v. Majid*, 196 F. App'x 685, 687 (10th Cir. Sept. 18, 2006) (unpublished). As discussed below, Clare's counsel's performance was not constitutionally deficient. Therefore, Clare has not established cause for his procedural default.

Unlike other types of claims, procedural bar does not apply to ineffective-assistance-of-counsel claims. *United States v. Galloway*, 56 F.3d 1239, 1241 (10th Cir. 1995). Those claims are analyzed under the *Strickland* standard. First, the defendant must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). This standard is highly deferential and employs a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, the defendant must show that his counsel's deficient performance prejudiced his defense. *Id.* at 692. In other words, the defendant must show that there is a reasonable probability that, but for his counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694. We may dispose of a claim for ineffective assistance of counsel on either part of the *Strickland* standard as a failure of either component is fatal to the claim. *United States v. Orange*, 447 F.3d 792, 796–97 (10th Cir. 2006).

Clare supplies three grounds for a finding of ineffective assistance of counsel: (1) that his counsel failed to inform Clare of his right to have an Article III judge accept his guilty plea, (2) that his counsel promised him a sentence of probation, coercing Clare into pleading guilty, and (3) that his counsel failed to argue Clare's mental-health issues at sentencing.[1]

Clare alleges that he received ineffective assistance of counsel because his counsel failed to inform him that he had a right to have an Article III judge accept his guilty plea. This claim fails for lack of prejudice. During Clare's change of plea colloquy, Magistrate Judge Cleary explained Clare's rights:

> Now, as I mentioned, you have to consent to my jurisdiction to go forward with this plea today. You have a right to have this guilty plea proceeding conducted by a district judge. I'm a U.S. Magistrate Judge. You can waive your right, that is give up your right to proceed before a district judge and go ahead and have the hearing before me. The advantage is really one of convenience, because this is a Judge Payne case. He sits primarily in Muskogee. It's difficult sometimes for him to be up here, so it's easier if I can take your plea, easier for him, easier for you maybe.
>
> As I mentioned before, your plea proceeding before me will have the same force and effect as if Judge Payne conducted it, but it's your right.

R. at 135–36. After advising Clare of this right, Magistrate Judge Cleary continued as follows:

> Court: . . . do you wish to waive your right to appear before a district judge and proceed before me?

---

[1] Clare alleged in his district-court filings that Attorney Widell had a conflict of interest. On appeal, he barely mentions that claim in his introduction when he lists his claimed grounds from relief. Opening Br. at 2. Because Clare has provided no facts or argument on this claim, if he even intends to include it in his appeal, we hold that it is waived.

5

Clare: I wish to proceed before you.

Court: Okay.

Clare: So I don't know if my answer is yes or no.

Court: Okay, you answered.

Clare: I'm a little confused right there . . . .

Opening Br. at 6. Clare then signed a consent form which stated that Magistrate Judge Cleary had explained Clare's right to appear before a district court judge and waived that right. Clare argues that "I wish to proceed before you" was a question. But that contradicts not only what he said at the hearing but also the consent form he signed. Clare's attempts to discredit the consent form by stating that Magistrate Judge Cleary never reviewed it are baseless: Magistrate Judge Cleary reviewed what the consent form covered during the plea colloquy. In addition, Clare has failed to show that, even if his counsel had not explained his right to appear before an Article III judge, there is a reasonable probability that he would have declined to submit his plea in front of Magistrate Judge Cleary. Reasonable jurists would not disagree on that point so this claim fails.

Clare's sworn testimony at his plea hearing defeats his present claims that Attorney Widell coerced him into asserting that he was competent and to pleading guilty. Magistrate Judge Cleary was aware of the earlier competency proceedings and as part of his standard questioning asked Clare a series of questions including "[D]o you understand these proceedings today?" and "[A]re you competent to proceed today?" R. at 146. Clare answered "Yes" to both. *Id.*

6

During Clare's plea colloquy, Magistrate Judge Cleary confirmed that there was no written or oral plea agreement. Magistrate Judge Cleary asked, "Has anyone from the government or even your own lawyer had [sic] made any promise or assurance to you of any kind to get you to plead guilty?" R. at 147. Clare replied, "No." *Id.* After Clare pleaded guilty, Magistrate Judge Cleary asked Clare if he had entered his plea and made all attendant waivers "voluntarily, and completely of [his] own free choice?" *Id.* (alteration in original). Clay replied, "Yes, they are." Magistrate Judge Cleary then asked Clare if he was "being forced to plead guilty by anybody," "threatened by anyone to plead guilty," or "under any time of pressure [sic] to plead guilty." *Id.* Claire replied "No." *Id.* Finally, Magistrate Judge Cleary asked, "Are you relying on any representation or promise that has been made to you to get you to plead guilty?" *Id.* Clare replied, "No." *Id.* Clare also confirmed that he understood that the district court could impose a sentence up to ten years, that the district court did not have to impose an sentence recommended by the sentencing guidelines, that any sentencing calculations by his attorney was "only an estimate," and that the final sentence would be up to the district judge. *Id.*

In light of Magistrate Judge Cleary's verifying Clare's understanding of the proceeding and his reviewing aloud Clare's rights, Clare has failed to show any prejudice. Even if Attorney Widell had really promised Clare that he would receive only probation, Magistrate Judge Cleary's questions during the colloquy would have clarified that Attorney Widell could not promise that.

7

Clare asserts that his counsel did not argue at sentencing that Clare's mental-health issues should be considered a mitigating factor. But while that section of his brief states that "[t]he majority of this issue is covered in the 'Contested Fact' section of this motion," Opening Br. at 12, nothing in that section—or the rest of the Opening Brief—addresses this issue. Thus, we hold that the argument is waived. In addition, we note that the district court varied downward in imposing Clare's sentence based on "factors present in this case." R. at 138.

Clare argues that he is entitled to an evidentiary hearing based on his declaration that he did not in fact respond affirmatively that "I wish to proceed before you," but instead stated those words as a question. But no evidentiary hearing is required by § 2255 if "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. We agree with the district court that the record conclusively shows that Clare is entitled to no relief. Clare's knowingly and intelligently agreeing to change his plea before the magistrate is borne out not only by the transcript's words but by their surrounding context and the rest of the hearing transcript.

Additionally, Clare argues that the district court violated his due process rights by "cho[osing] to use a slightly re-worded government's response as its final order in this case." Opening Br. at 12 (emphasis in original). As far as we can understand this argument, Clare is asserting that his due process rights were violated because the district court's opinion agreed with the government and used some of the legal sources that the government provided while not adopting those Clare put forward. It

8

is not a violation of a person's rights for the court to credit one party's arguments over another party's.

We have reviewed Clare's motion to proceed *in forma pauperis* and the attached affidavit. To proceed *in forma pauperis*, "an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Because Clare has demonstrated an inability to pay the fee and his application is not patently frivolous, we grant his motion. We deny Clare's application for a certificate of appealability.

Entered for the Court

Gregory A. Phillips
Circuit Judge